UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Babubhai Patel,**

      **Plaintiff,**                                    **CIVIL ACTION NO. 14-11299**

vs.                                                **DISTRICT JUDGE ARTHUR J. TARNOW**

**McKesson Corporation,**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

### REPORT AND RECOMMENDATION

Plaintiff Babuhai Patel,[1] currently incarcerated at the Federal Corrections Institution in Milan, Michigan, filed his *pro se* Complaint on March 28, 2014, alleging that Defendant McKesson Corporation, a pharmaceutical wholesaler, reported fraudulently increased drug prices to non-party First Data Bank, which ultimately resulted in increased cost to approximately 40,000 pharmacies, including Patel Pharmacies. (*See* Docket no. 1.) Plaintiff alleges that Defendant's conduct resulted in Plaintiff being "fraudulently overcharged" for "millions of dollars [in] drugs and pharmaceutical products." (*Id.* at 2.)

---

[1] In the Caption of Plaintiff's Complaint, he includes himself, Babuhai Patel, as an individual and Patel Pharmacies as Plaintiffs in this matter, but in the body of his Complaint, he only indicates that he brings the action as "Plaintiff Babubhai Patel." (*See* docket no 1 at 1.) Also, in his "Preliminary Statement," he notes that the "Plaintiff" is "Babubhai Patel," who "was the owner operator of Patel Pharmacies." (*Id.* at 3-4.) Moreover, as Defendant asserts, "Patel Pharmacies" is not a registered Michigan entity. (*See* docket no. 13 at 8-9.) Thus, it is unclear whether Plaintiff intended to bring this matter on behalf of himself or on behalf of himself and a business entity.

1

Before the Court are Plaintiffs' Motion for Order Directing Defendant McKesson Corporation to File a Reply to Plaintiff's Complaint (docket no. 8), Defendant's Motion to Set Aside Default (docket no. 13), and Plaintiff's Motion for Court to Direct Defendant McKesson Corporation to Serve Plaintiff with a Copy of Defendant's Pleadings (docket no. 16). Defendant Filed Responses to Plaintiff's Motions. (Docket nos. 14 and 18.) Plaintiff filed a Response to Defendant's Motion (docket no. 20) and a Reply to Defendant's Response (docket no. 21). The Motions have been referred to the undersigned for consideration. (Docket nos. 10 and 19.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.     Recommendation**

For the reasons that follow, the undersigned recommends that Plaintiff's Motions (docket nos. 8 and 16) be DENIED and that Defendant's Motion to Set Aside Default (docket no. 13) be GRANTED. The Court should vacate the Clerk's Entry of Default against Defendant (docket no. 7) due to Plaintiff's failure to effectuate proper service. Further, the Court should afford Plaintiff 60 days under Fed. R. Civ. P. 4(m) to properly serve Defendant.

**II.    Report**

**A.     Procedural History**

On April 28, 2014, Plaintiff mailed Defendant a Summons and a copy of the Complaint by certified mail, return receipt requested. (*See* docket no. 6 at 6.) With no response, on June 5, 2014, Plaintiff requested a Clerk's Entry of Default. (Docket no. 6.) The Court Clerk granted Plaintiff's request and entered a Clerk's Entry of Default the same day. (Docket nos. 7.) On June 25, 2014,

with no additional activity in the case, Plaintiff filed his Motion for Order Directing Defendant to Reply to his Complaint under 42 U.S.C. §1997e(g)(2). (Docket no. 8.)

On July 9, 2014, Defendant's counsel filed an appearance in this matter, and the next day, Defendant filed its Motion to Set Aside the Clerk's Entry of Default (docket no. 13) and it Response to Plaintiff's June 25, 2014 Motion (docket no. 14). In its Motion and its Response to Plaintiff's Motion, Defendant asserts that Plaintiff failed to effectuate proper service under Fed. R. Civ. P. 4(e). (*See* docket nos. 13 and 14.) Nearly a month later, on August 20, 2014, Plaintiff filed his Motion for Court Order Directing Defendant to Serve Plaintiff with Defendant's Pleadings, asserting that Defendant had not properly served him with its Response or its Motion. (Docket no. 16.) The same day, Defendant filed a Response to Plaintiff's Motion acknowledging its error and indicating that it had served Plaintiff a copy of both documents concurrent with the filing of its Response. (Docket nos. 17 and 18.)

**B.     Analysis**

A plaintiff bears the burden of showing that the defendant against whom the plaintiff is seeking default judgment has been properly served. *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007) (unpublished); *Everetson v. Topeka Ass'n For Retarded Citizens*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005) (unpublished). Moreover, the Court cannot enter default against a defendant where the defendant has not been properly served. *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353 (D. Md. 1996).

The Federal Rules provide that service on a corporation may be obtained "in the matter prescribed by Rule 4(e)(1) for serving an individual" or

3

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).  Under Rule 4(e)(1), service may be obtained by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In Michigan, the law allows service on a corporation by

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D).  In California, the State in which service was attempted,

> [a] summons may be served on a corporation[, in relevant part,] by delivering a copy of the summons and the complaint by any of the following methods:
>
>> (a) To the person designated as agent for service of process . . . .

> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. . . .

CA Code of Civ. P. § 416.10.

When the clerk's office entered default against Defendant, it did so based, in part, on a Summons and Complaint Return of Service provided by Plaintiff indicating that Defendant was served on April 28, 2014, by "Certified Mail Receipt anf (sic) Return Receipt for merchandise." (Docket no. 6 at 5.) As indicated in the Summons and Complaint Return of Service, and in the attached photocopy of Plaintiff's mail receipt, the Summons and Complaint were sent to "McKesson Corporation" at 1 Post Street, San Francisco, California, 94104. (*Id.* at 5, 6.) The mailing was not addressed to the attention of any individual or office. Defendant does not directly dispute that the package was delivered, but it asserts that "there is no evidence that McKesson's legal department, or any relevant corporate agent, received the . . . mailing." (Docket no. 13 at 10.)

In his Response to Defendant's Motion and Reply to Defendant's Response, Plaintiff asserts that service was proper because an "agent" of McKesson Corporation signed for the Summons and Complaint. (*See* docket nos. 20 and 21.) In support of this contention, Plaintiff asserts that the Complaint was delivered to CBRE mailroom staff at McKesson's headquarters, which as Defendant asserts, "usually sign for and process mail directed generally to McKesson" as its headquarters. (Docket no. 21; docket no. 13-3.) But Defendant's Manager in Litigation Support, Kimbir Tate, asserts that neither he nor CBRE staff recognize the signature on the package receipt, and that the package was not, therefore, delivered to a "registered agent" or any other agent authorized by appointment or law to receive service of process. (Docket no. 13-3 at 2.) Moreover, Tate declares, CBRE mailroom staff is not the "registered agent for service of process." (*Id.*)

5

At most, Plaintiff has shown that he mailed a copy of his Summons and Complaint to Defendant's address, but nothing in his filings or in the mail receipts indicates that Plaintiff properly addressed the documents to the attention of any corporate officer, board member, registered agent, or anyone else authorized to receive service under Federal, Michigan, or California law. Thus, Plaintiff has not properly served Defendant. Therefore, the Court should grant Defendant's Motion (docket no. 13) and set aside the Clerk's Entry of Default.[2] Moreover, because Defendant was not properly served, it need not respond to Plaintiff's Complaint, so Plaintiff Motion for an order requiring Defendant to file an Answer or responsive pleading (docket no. 8) should be denied. And because Defendant acknowledges its failure to properly serve Plaintiff with its Motion and Response and immediately corrected its mistake, Plaintiff's Motion for an Order requiring that Defendant serve him with the same (docket no. 16) should be denied as moot.

Finally, service of a Summons and Complaint must be made within 120 days after the filing of the Complaint. Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed on March 28, 2014, which means that his time to effectuate proper service has passed. (*See* docket no. 1.) "But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the undersigned finds that Plaintiff attempted in good faith to properly serve Defendant and only failed to do so because of a misinterpretation of the Federal, Michigan, and California Court Rules. Thus, Plaintiff should be given 60 days to properly serve Defendant.

---

[2] Defendant also asserts that the Court should set aside the Clerk's Entry of Default under Fed. R. Civ. P. 55 because good cause exists to set the default aside and because Plaintiff will suffer no prejudice. (*See* docket no. 13.) The Court need not address this argument because Defendant was not properly served.

6

### C. Conclusion

For the above-stated reasons, the undersigned recommends Plaintiff's Motions (docket nos. 8 and 16) be denied, that Defendant's Motion (docket no. 13) be granted, and that the Court vacate the Clerk's Entry of Default against Defendant. Further, the Court should afford Plaintiff 60 days under Fed. R. Civ. P. 4(m) to properly serve Defendant.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 9, 2014         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Babubhai Patel and Counsel of Record on this date.


Dated: September 9, 2014         s/ Lisa C. Bartlett
                                 Case Manager