UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BABUBHAI PATEL,

    Plaintiff,

v.

MCKESSON CORP.,

    Defendant.
_____/

Case No. 14-11299

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K.
MAJZOUB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [27]**

Before the Court is Defendant McKesson Corporation's Motion to Dismiss [27], Plaintiff's Response [28], and Defendant's Reply [30] and Plaintiff's Request for Clerk to Clarify the Time Limit to File a Motion to Dismiss [33]. For the reasons that follow, Defendant's Motion to Dismiss [27] is **GRANTED WITH PREJUDICE** in its entirety.

**STATEMENT OF FACTS**

After a trial, a jury convicted Plaintiff of several criminal offenses related to a large scale health care fraud conspiracy and this Court sentenced him to 204 months

of imprisonment.[1]  Plaintiff has now initiated this *pro se* action against Defendant McKesson, claiming that Defendant overcharged his thirty-four[2] pharmacies for the pharmaceuticals at issue in the previous criminal case.  The Patel Pharmacies are all Michigan for-profit corporations.[3]

Plaintiff asserts claims for fraudulent misrepresentation, M.C.L. § 600.5855; fraud and civil conspiracy, M.C.L. § 600.5855; and a Racketeer Influenced and Corrupt Organizations Act violation, 18 U.S.C. §§ 1962(d), 1964(a) (RICO) against Defendant.  Plaintiff alleges that Defendant fraudulently inflated pharmaceutical prices and overcharged Patel Pharmacies by millions of dollars from 2003 through 2012. To evidence the price inflation, Plaintiff attached a 2012 article to his Amended Complaint [3][4] about how Defendant paid $190 million to the United States to settle claims that it had violated the False Claims Act by reporting inflated pricing

---

[1] Conviction and sentence affirmed on appeal.  *United States v. Patel*, 579 F. App'x 449 (6th Cir. 2014).

[2] The number of pharmacies owned by Plaintiff is a disputed fact, however it is immaterial to whether Plaintiff has standing to bring this case.

[3] Court may take judicial notice of public records or other materials amenable to judicial notice when deciding a Rule 12(b)(6) motion.  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

[4] Plaintiff never obtained leave of Court to file an amended complaint, the Court now grants that leave, making the Amended Complaint [3] the operative initiating document in this case.

information to a large number of prescription drugs. In the settlement with the United States, McKesson expressly stated that it did not admit to any liability.

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

First, Defendant argues that Plaintiff does not have standing to seek redress for alleged injuries to his businesses. Defendant does not specify whether it is referring to constitutional standing or standing pursuant to Rule 17. Because standing is "the threshold question in every federal case," *Warth v. Seldin*, 422 U.S. 490, 498 (1975),

and United States Courts sitting in diversity are subject to the Federal Rules of *Procedure, Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001), Plaintiff must satisfy both. The standing requirement of the Constitution limits federal court jurisdiction to actual controversies. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. *Id.* at 472. Hence, the "irreducible minimum" constitutional requirements for standing are proof of injury in fact, causation, and redressability. *Id.* A plaintiff bears the burden of demonstrating standing and must plead its components with specificity. *Id.* For the sake of this analysis, the Court will presume that Plaintiff has satisfied the "irreducible minimum" requirements for Article III standing.

In addition to the "irreducible minimum" requirements of Article III, a plaintiff must also satisfy certain prudential standing restrictions. For example, A plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). This same principle is no less applicable to

corporations, which are generally required to file actions in the name of the entity and not that of a stockholder or an officer. *White v. JPMorgan Chase Bank, NA*, 521 F. App'x 425 (6th Cir. 2013) (citing *Mich. Nat. Bank v. Mudgett*, 444 N.W.2d 534, 536 (Mich. Ct. App. 1989)). Any injury to a stockholder that is merely derivative of the corporation's injury will not give that stockholder a right to bring an independent cause of action. *White, NA*, 521 F. App'x 425 (citing *Mudgett*, 444 N.W.2d at 536); *Walker v. Mich. Public Serv. Comm.*, 201 F.3d 442, (6th Cir. 1999). The Shareholder Standing Rule "is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation" *Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990). "A stockholder may individually sue corporate directors, officers, or other persons when he has sustained a loss separate and distinct from that of other stockholders generally." *Christner v. Anderson, Nietzke & Co., P.C.*, 444 N.W.2d 779, 783 (Mich. Sup. Ct. 1989). "In Michigan, the law treats a corporation as entirely separate from its shareholders, even where one person owns all the corporate stock." *Belle Isle Grill Corp., v. City of Detroit*, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003) (citing *Industrial Steel Stamping, Inc. v. Erie State Bank*, 423 N.W.2d 317, 319 (Mich. Ct. App. 1988)).

Here, Plaintiff's Amended Complaint [3] describes injuries to Patel Pharmacies

only. The Amended Complaint [3] does not describe any injuries to Plaintiff directly that are separate and distinct from the injuries to Patel Pharmacies. *Christner*, 444 N.W.2d at 783. None of the Patel Pharmacies are parties to this action. Plaintiff admits that he is the "owner/operator" of Patel Pharmacies. Response [28] at 3. As the sole person owning all of the corporate stock of the Patel Pharmacies, precedent about shareholder standing applies to Plaintiff. *Belle Isle Grill Corp.*, 666 N.W.2d at 279. Plaintiff is not asserting his own legal rights, but rather, he is attempting to assert the rights of Patel Pharmacies. *Coyne*, 183 F.3d at 494. Plaintiff has not satisfied the prudential requirement of standing that parties must assert their own legal rights and, therefore, may not bring this case.

The Court will address how Rule 17 applies to this case to explain why this case is dismissed with prejudice. Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest" Fed. R. Civ. P. 17(a)(1). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). Since this case involves only injuries to the Patel Pharmacies, the real parties in interest are the Patel Pharmacies. Therefore, even if Plaintiff could nominally satisfy the prudential requirements of standing by joining the Patel

Pharmacies as Plaintiffs, he would face another threshold hurdle of whether Michigan's substantive law would preclude joining those pharmacies.

"Under Michigan law, [a dissolved corporation] can no longer [sue or] be sued once it has completely wound up its affairs and distributed its assets." *Flint Cold Storage v. Dept. of Treasury*, 776 N.W.2d 387 (Mich. Ct. App. 2009) (citing *BASF Corp. v. Central Transport, Inc.*, 830 F. Supp. 1011, 1012–1013 (E.D. Mich. 1993)). Where a court finds that a plaintiff is not the real party in interest, the court may dismiss the action when the real party in interest has nonetheless failed to ratify, join, or substitute into the action despite a passage of reasonable time. Fed. R. Civ. P. 17(a)(3). According to Michigan's Department of Licensing and Regulatory Affairs public records, the Patel Pharmacies are mostly dissolved. Further, the United States has seized control of all of the Patel Pharmacies' assets as a result of the criminal case against Plaintiff. Due to the United States's seizure of all assets of the Patel Pharmacies, Plaintiff would never be able to bring an action on behalf of any of the pharmacies, as any right to recover damages would be an asset now enuring to the United States exclusively. Therefore, no amount of passage of time could give Plaintiff the opportunity to join the real parties in interest—the dissolved Patel Pharmacies. Consequently, Plaintiff can never satisfy Rule 17 standing. Accordingly, it is appropriate at this point to dismiss this case with prejudice.

Plaintiff's lack of standing to bring this case dispositively divests this Court of jurisdiction in this matter. Because subject-matter jurisdiction is non-waivable and may be raised at ay time, *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001), the Court must dismiss this case regardless of the timeliness of Defendant's Motion to Dismiss [27]. The extent to which Plaintiff's Request for Clerk to Clarify the Time Limit to File a Motion to Dismiss [33] would have been operative, therefore, is **MOOT**. Consequently, it is not necessary to analyze Defendant's second argument that Plaintiff's request for damages in this case is essentially an improper request for this Court to enrich the profits of Plaintiff's criminal enterprise.

## CONCLUSION

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that Plaintiff's implied motion for leave to amend his complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Clerk to Clarify the Time Limit to File a Motion to Dismiss [33] is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [3] is

**DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                              <u>s/ Arthur J. Tarnow</u>

                                              Arthur J. Tarnow

Dated: 1/15/15                  Senior United States District Judge