UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BABUBHAI PATEL,

        Plaintiff,

v.

MCKESSON CORPORATION,

        Defendant.

                                    /

Case No. 14-11299

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [36]**

Plaintiff filed a Motion for Relief from Judgment [36] on March 21, 2015. Defendant filed a response [37] on May 4, 2015, and Defendant filed a reply [38] on May 14, 2015. For the reasons stated below, this Motion is **DENIED.**

1. **STANDARD OF REVIEW**

    Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief sought from motions brought pursuant to Fed. R. Civ. P. 60(b)(1) address relief to be provided in only two specific situations:

> (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000).

In the case of a mistake of law committed by a Court, a Motion for Relief under Rule 60(b)(1) must be filed within the timeframe for taking an appeal. *Townsend v. Soc. Sec. Admin., 486 F.3d 127, 133 (6th Cir. 2007); citing Pierce v. United Mine Workers of Am. Welfare & Ret. Fund, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986).* In a civil case, the timeframe for an appeal to be filed in "within 30 days after entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 60(b) (1), (2) and (3) motions that are not based on legal error retain the time limit of "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

2

## 2. ANALYSIS

Plaintiff's Motion for Relief from Judgment is seeking relief from judgment based on three alleged mistakes committed by the Court: (1) a mistake of law due to the fact that the Court dismissed Plaintiff's Complaint with prejudice when actually a dismissal for lack of subject-matter jurisdiction should be dismissed without prejudice; (2) a mistake of fact in which the Court mistakenly stated in its Order dismissing the case that Plaintiff's property had been seized by the Government in his criminal case and thus Plaintiff no longer had ownership over the pharmacies in question, asking the Court to vacate the Order to Dismiss and reinstate the complaint based on this mistake; and (3) a mistake of law was committed when the Judge who heard his civil case was also in the process of hearing Plaintiff's criminal case and thus had bias and prejudice toward the plaintiff that should have caused the Judge to recuse himself from the case.

The two grounds for relief based on a legal error committed by the court are denied for not being timely filed. The Order to Dismiss and accompanying Judgment were filed on January 15, 2015 and the Motion for Relief was filed March 21, 2015. This is a time period of 65 days between the time the Judgment and Order were entered and the Motion for Relief was filed which exceeds the 30

day time period for appeal, requiring dismissal of these grounds for relief. Fed. R. Civ. P. 60(c)(1).

Even if the Motion had been filed in a timely fashion, these grounds for relief would be denied on their merits as well. The argument that the case should have been dismissed for prejudice and bias because the Judge was also the Judge for Plaintiff's criminal case is unfounded. It is well established that it is "normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant" and opinions held by Judges as a result of what they learned and observed in prior proceedings is not a valid basis for recusal. *Liteky v. United States*, 510 U.S. 540, 550-51 (1994).

In the Order granting Defendant's Motion to Dismiss, the Court ruled that the dismissal was with prejudice. While the Order acknowledged that a dismissal predicated upon lack of subject matter jurisdiction usually results in dismissal without prejudice, it concluded that Plaintiff has no ownership rights in the pharmacies because they were dissolved and/or because the Government took legal control of the property when it seized them during the criminal trial. The dismissal was an adjudication on the merits because, as stated in the Order:  "[U]nder Michigan law, [a dissolved corporation] can no longer [sue or] be sued once it has completely wound up its affairs and distributed its assets." *Flint Cold Storage v.*

4

*Dept. of Treasury*, 776 N.W.2d 387 (Mich. Ct. App. 2009), citing *BASF Corp. v. Central Transport, Inc.*, 830 F. Supp. 1011, 1012–1013 (E.D. Mich. 1993). Therefore, as provided in the Order Granting the Motion to Dismiss, "no amount of passage of time could give Plaintiff the opportunity to join the real parties in interest" and Plaintiff could never establish Rule 17 standing.

The second ground for relief is based upon an alleged mistake of fact, predicated upon the Court's Order which found that the Government had seized Plaintiff's property during the criminal case [34]. Upon reconsideration, this is indeed a mistake of fact by the Court. While the indictment in the criminal case against Plaintiff included provisions seeking criminal forfeiture, and other indicted members of the conspiracy have had property formally forfeited by order, to date there has been no preliminary forfeiture or final forfeiture order filed against Plaintiff. The only property belonging to Plaintiff that has been formally levied by the Government to apply to the judgment is the ownership interest that Plaintiff has in Jayogeshawar, Ltd., which has real property interest located at 430 Mack Avenue, Detroit, Michigan [*see United States of America v. Babubhai Patel*, 14-mc-51735].[1]

---

[1] On March 16, 2015 there was an unopposed order to liquidate assets relating to Plaintiff's interest on this property and distribute the funds in accordance with the

5

However, it still stands, as stated in the Order, that Michigan's Department of Licensing and Regulatory Affairs public records[2] show that in regards to all known pharmacies owned by Plaintiff per the criminal indictment[3] are dissolved but one. Independent Community Pharmacy is the only pharmacy not dissolved. This corporation has been listed as active but not in good standing since February 24, 2014. Because there is no right under Michigan law to sue or be sued for the pharmacies that are dissolved, Plaintiffs' claims, excluding those related to Independent Community Pharmacy, are correctly dismissed with prejudice because Michigan State Law precludes the joining of dissolved corporations as parties to a lawsuit. *Flint Cold Storage*, 776 N.W.2d 387 (Mich. Ct. App. 2009).

With respect to the claims that relate to Independent Community Pharmacy, the Amended Complaint does not describe any injuries to Plaintiff that are separate from the injuries to the pharmacies. Under Federal Rules of Civil Procedure

---

provisions of the judgment against Plaintiff in his criminal case filed. [*United States of America v. Babubhai Patel*, 14-mc-51735, Dkt. #3].

[2] Court may take judicial notice of public records or other materials amenable to judicial notice when deciding a Rule 12(b)(6) motion. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

[3] The number of pharmacies owned by Plaintiff is a disputed fact, however it is immaterial to whether Plaintiff has standing to bring this case given that Plaintiff filed suit in his own name, rather than in the name of the pharmacies themselves as explained below. Any pharmacies that are shown to be dissolved have their claims dismissed with prejudice, while any pharmacies that are not dissolved have their claims dismissed without prejudice per this Order.

17(a)(3), a court may dismiss an action when the Plaintiff is not the real party in interest. In this case, Plaintiff cannot file an action in his own name when an injury to Plaintiff as a stockholder/shareholder is solely derived from the injury to that shareholder's corporation and these claims are rightfully dismissed. *White v. JPMorgan Chase Bank, NA*, 521 F.App'x 425 (6th Cir. 2013), citing *Mich. Nat. Bank v. Mudgett*, 444 N.W.2d 534, 536 (Mich. Ct. App. 1989); *Walker v. Mich. Public Serv. Comm.*, 201 F.3d 442, (6th Cir. 1999).

Additionally, under Michigan State Law, an active corporation not in good standing can survive a Motion to Dismiss only if it cures whatever defect is keeping them from being an active corporation in good standing before the Court rules on dismissal of the action. *George Morris Cruises v. Irwin Yacht & Marine Corp.*, 191 Mich. App. 409, 419 (1991). Because the Independent Community Pharmacy is not currently in good standing according to the Michigan Department of Licensing and Regulatory Affairs, there is no standing for Plaintiff in this case with respect to this corporation. However, under Michigan State Law, Plaintiff has two years from the date on which the annual report or filing fee was due that caused non-compliance to remedy non-compliance before dissolution. Mich. Comp. Laws Ann. § 450.1922. Because the lack of standing can still be remedied by Plaintiff prior to receiving a notice of dissolution, with respect to claims relating

to Independent Community Pharmacy, the Order granting the Motion to dismiss should be amended to reflect that Plaintiff's claims against Defendant are dismissed without prejudice considering possible claims relating to Independent Community Pharmacy.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Order is **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that the Order Granting the Motion to Dismiss shall be amended to read, "Plaintiff's Amended Complaint [3] is **DISMISSED WITH PREJUDICE** in regards to all claims, excluding possible claims relating to the Independent Community Pharmacy, which are **DISMISSED WITHOUT PREJUDICE."**

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: December 28, 2015          Senior United States District Judge