UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BABUBHAI PATEL,

        Plaintiff,

v.

MCKESSON CORPORATION,

        Defendant.

                                          /

Case No. 14-11299

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) [40]**

On January 15, 2016 Plaintiff filed a second Motion to Alter or Amend Judgment under Rule 59(e) or Rule 60(b)(1) [40]. For the reasons stated below, this Motion is **DENIED.**

**1.  STANDARD OF REVIEW**

    Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief sought from motions brought pursuant to Fed. R. Civ. P. 60(b)(1) address relief to be provided in only two specific situations:

> (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000).

In the case of a mistake of law committed by a Court, a Motion for Relief under Rule 60(b)(1) must be filed within the timeframe for taking an appeal. *Townsend v. Soc. Sec. Admin., 486 F.3d 127, 133 (6th Cir. 2007); citing Pierce v. United Mine Workers of Am. Welfare & Ret. Fund, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986).* In a civil case, the timeframe for an appeal to be filed in "within 30 days after entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 60(b) (1), (2) and (3) motions that are not based on legal error retain the time limit of "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

2

## 2. ANALYSIS

Plaintiff has filed a second Motion to Alter or Amend Judgment under Rule 59(e) and requests that the Court apply equitable tolling under Rule 60(b) to consider what he alleges is a mistake of fact made by the Court that resulted in an unjust outcome on the Motion to Dismiss. Plaintiff asserts that the Court made a mistake of fact regarding; (1) the standing finding in the Motion to Dismiss when it asserted that the government had seized Plaintiff's pharmacies and (2) the Court mistakenly classified Plaintiff's pharmacies as corporations when they are unincorporated entities owned by Plaintiff which Plaintiff argues gives him standing and thus the case should not have been dismissed. Plaintiff also alleges a mistake of law was committed when the Judge who heard his civil case was also in the process of hearing Plaintiff's criminal case and thus had bias and prejudice toward the plaintiff that should have caused the Judge to recuse himself from the case.

Plaintiff's Mistake of law argument is not timely filed. The Order to Dismiss and accompanying Judgment were filed on January 15, 2015 and the Motion for Relief was filed on January 15, 2016 which exceeds the 30 day time period for appeal, requiring dismissal of these grounds for relief. Fed. R. Civ. P. 60(c)(1). Additionally, as stated in the Court's previous Order denying Relief from

Judgment [39], it is well established that it is "normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant" and opinions held by Judges as a result of what they learned and observed in prior proceedings is not a valid basis for recusal. *Liteky v. United States*, 510 U.S. 540, 550-51 (1994).

As to the mistake of fact arguments, the fact that Plaintiff's pharmacies are not corporations has no bearing on the standing decision made by the Court. The lack of standing was not based on the fact that the pharmacies were corporations; the basis for lack of standing was instead based on the fact that the pharmacies were corporations that had been dissolved. "[U]nder Michigan law, [a dissolved corporation] can no longer [sue or] be sued once it has completely wound up its affairs and distributed its assets." *Flint Cold Storage v. Dept. of Treasury*, 776 N.W.2d 387 (Mich. Ct. App. 2009), citing *BASF Corp. v. Central Transport, Inc.*, 830 F. Supp. 1011, 1012–1013 (E.D. Mich. 1993). The fact that the entities are unincorporated business entities is not relevant. The fact that they are dissolved corporations, as shown conclusively by the Michigan's Department of Licensing and Regulatory Affairs public records, was the basis for the dismissal for lack of standing as described in the Court's previous Order Denying Relief from Judgment [39].

Additionally, in the previous Order Denying Relief from Judgment [39] the Court admitted the factual mistake from the Motion to Dismiss regarding the status of the government seizure of Plaintiff's assets. Per the Order, the Court found that despite that mistake of fact, the case was still properly dismissed based on lack of standing. Therefore, Plaintiff's argument concerning this mistake of fact is irrelevant.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment [40] is **DENIED.**

**SO ORDERED**.

Dated: March 30, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge